FRANK POSSERT AND JOHN FARLEY v. CBS, INC., A CORPORA-
TION OF THE STATE OF NEW YORK, D/B/A CBS NEWS AND
60 MINUTES, DAN RATHER, LESLIE EDWARDS, EMILY
LODGE, WILLIAM LEONARD, ROBERT CHANDLER, DON
HEWITT, PALMER WILLIAMS, PHILIP SCHEFFLER, MERRI
LIEBERTHAL, JOE ILLEGASCH, ARTHUR BLOOM, JOHN
DOE(S), A THROUGH Z, INDIVIDUAL(S) WHOSE IDENTI-
TY(IES) IS (ARE) PRESENTLY UNKNOWN, ARNO PRESS,
INC., A CORPORATION OF THE STATE OF NEW YORK, NEW
YORK TIMES, INC., A CORPORATION OF THE STATE OF
NEW YORK, D/B/A ARNO PRESS, AND JOHN DOE(S) AA
THROUGH ZZ, INDIVIDUAL(S)' AND/OR CORPORATION(S)
WHOSE IDENTITY(IES) IS (ARE) PRESENTLY UNKNOWN.

October 22, 1984.

This appeal having been allowed by the Court, 95 *N.J.* 200 (1983), upon the motion of plaintiffs seeking leave to appeal an order of the Law Division, dated June 7, 1983, to review the contentions of plaintiffs that the order effectively barred all discovery in a public figure media defamation case; and the Court having considered the briefs and oral arguments of the parties; and the Court having reviewed the decision of the Law Division; and the Court being satisfied that the grounds for

interlocutory appeal under *R.* 2:2–2 do not exist for the reasons that:

1.  with certain exceptions, the order of the Law Division is essentially an application of appropriate discovery principles to the facts of this case and does not present circumstances of irreparable injury to plaintiffs;

2.  the defendants have agreed that, except as valid claims of privilege may be interposed, principles of ordinary and progressive pretrial discovery and case management (including establishing dates for timely discovery of otherwise privileged material that will be used at trial) will apply in such actions;

3.  the defendants have made no claim of privilege with respect to many of the disputed interrogatories and have further agreed that certain other specific items sought to be discovered from it, such as videotapes of the exact broadcasts at issue or copies of official transcripts of published court proceedings, are discoverable, subject to reimbursement for costs, and that other materials in possession of third parties, such as Mims Hackett and Rocco Zarillo, are also subject to conventional rules of discovery;

4.  in the orderly disposition of this matter, the trial court can, on application of plaintiffs, insure access to the materials that are not privileged under the New Jersey Shield Law, *N.J.S.A.* 2A:84A–21, or that will be used by defendants at time of trial;

It is ORDERED that the order granting leave to appeal is vacated without prejudice to plaintiffs' right to renew their applications to the trial court for timely discovery of the non-privileged materials.